IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Gilbert, Jr.,<br><br>                  Petitioner,<br><br>v.<br><br>Warden Cartledge,<br><br>                  Respondent. | Civil Action No.:2:12-00663-MGL-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks habeas relief for a state conviction pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 11; see also Dkt. No. 10.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about March 5, 2012. (Dkt. No. 1.) On May 4, 2012, the Respondent moved for summary judgment. (Dkt. No. 11; see also Dkt. No. 10.) By order filed May 7, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 12.) On or about June 19, 2012, the Petitioner filed a response opposing the Respondent's Motion for Summary Judgment. (Dkt. No. 17.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at McCormick Correctional Institution. In March of 1999, Petitioner was indicted by the Lexington County Grand Jury for trafficking cocaine. (App. at 394-95.) Petitioner was represented by Wayne Floyd, Esquire. (Dkt. No. 10-1 at 3 of 144.) A jury trial was held on March 4, March 6, and March 7 of 2002 before the

Honorable Marc H. Westbrook. (App. at 1-273.) On March 7, 2002, the jury convicted Petitioner of this offense, and Judge Westbrook sentenced Petitioner to twenty-five years of incarceration. (App. at 257, 271.)

Petitioner appealed and was represented on appeal by Daniel T. Stacey, Esquire, Chief Attorney with the South Carolina Office of Appellate Defense. (App. 371; see also Dkt. No. 10-4.) In his Final Brief of Appellant, Petitioner raised the following issues:

> 1. Whether the court erred when it overruled appellant's motion to suppress, on the grounds that his arrest and the subsequent discovery of contraband was without probable cause or reasonable suspicion a crime had been committed?
>
> 2. Whether racial profiling tainted appellant's arrest?
>
> 3. Whether the court erred when it overruled appellant's *Batson* motion, where the only black potential juror was stricken by the state in violation of *Batson v. Kentucky*?
>
> 4. Whether the court erred when it refused to charge the law applicable to the seizure and search that was conducted here, because it was necessary for the jury's understanding of the evidence in this case?
>
> 5. Whether the court erred when it refused appellant's request to charge on the requirement of probable cause to believe that a traffic violation has occurred or a reasonable suspicion that the occupants are involved in criminal activity, because this had become an issue in the case?

(Dkt. No. 10-4 at 4 of 23.)

In an unpublished opinion filed on July 9, 2004, the South Carolina Court of Appeals affirmed Petitioner's conviction. (Dkt. No. 10-6.) The remittitur was issued on July 27, 2004. (Dkt. No. 10-3 at 139 of 144.)[1]

---

[1] On or about July 21, 2004, Petitioner filed a "Notice of Appeal" with the South Carolina Supreme Court. (See Dkt. No. 10-7.) On July 26, 2004, the South Carolina Supreme Court dismissed this appeal, stating,
> Under Rule 226(c), SCACR, a decision of the Court of Appeals is not final for the purposes of review until the Court of Appeals has ruled on a petition for rehearing. Since the Court of Appeals has not ruled on a petition for rehearing in this case, there is nothing for this Court to review and the notice of appeal is dismissed.

On or about October 5, 2004, Petitioner filed an Application for Post-Conviction Relief ("PCR"). (App. at 274-90.) Petitioner raised the following claims for relief in this PCR application (verbatim):

Claim:

Applicant was deprived of effective assistance of trial and appeal counsels in violations of article 1, section 3 and 14 of the South Carolina Constitution, and the Four, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, trial counsel and appeal. Counsel was ineffective when counsel failed to:

1.) Properly and effectively investigate all matters of case, applicable laws, court opinions, and present a full, proper and effective defense.
2.) Properly object to, argue against, and defend applicant against and preserve for appeal.
3.) Protect and ensure applicant was not deprived of a fair trial, trial by jury and presumption of innocence.
4.) Trial counsel failed to properly assist appellate counsel and appellate counsel failed to properly raise and argue issues properly and effectively.

Claim:

The Police, Prosecution court and State of South Carolina deprived applicant of guaranteed rights in multiple violations of the 4th, 5th, 6th, 8th, and 14th amendments of the United States Constitution when:

1.) Police, prosecution and court in concert sought to ensure applicant was convicted regardless of whether he was guilty or not.
2.) Prosecution's conduct prior to and during trial as a whole constituted gross prosecutorial misconduct.

(Dkt. No. 10-3 at 19-20 of 144.)

An evidentiary hearing was held in this PCR action on June 29, 2006, before the Honorable Alexander S. Macaulay. (R. at 299-359.) Petitioner was present and represented by John McCaulay, Esquire. (Id. at 299.) In an order dated October 17, 2006, Judge Macaulay denied the application for post-conviction relief and dismissed the petition. (Id. at

---

(Dkt. No. 10-8.) The record also contains a letter dated September 23, 2004, from the South Carolina Court of Appeals. (See Dkt. No. 10-9.) This letter advised Petitioner that no Petition for Rehearing was filed in his case. (Id.)

3

361-69.) On October 31, 2006, through counsel, Petitioner filed a Notice of Appeal of the order denying his petition for post-conviction relief. (Dkt. No. 10-10.)

On December 21, 2007, M. Celia Robinson, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari and a petition to be relieved as counsel.[2] (See Dkt. No. 10-11.) In the Johnson petition, Petitioner raised the following issue:

> Did the PCR judge err in refusing to grant relief where petitioner's trial counsel's failure to make a motion to suppress on the grounds that the search exceeded the permissible scope constituted ineffective assistance of counsel?

(Dkt. No. 10-11 at 3 of 10.) Petitioner filed a *pro se* brief in accordance with the Johnson procedure. (See Dkt. No. 10-14.) In this *pro se* brief, Petitioner asserted that "Officer Wright exceeded the scope of legislative intent pursuant to S.C. Code [§] 56-5-4410 with his stopping [Petitioner] for headlights covers not included in the statute." (Dkt. No. 10-14 at 6 of 11.)[3]

---

[2] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

[3] Petitioner listed four other issues in the "Statement of Issues on Appeal" section of his *pro se* brief, but Petitioner did not brief these issues. These four issues are as follows (verbatim):

> 2. Did trial court establish probable cause for Officer Wright for stop and search of Appellant's car based upon windows tinted, and headlight covers, and to seize drugs clearly not in plain view, without suspicion of drugs?
>
> 3. Could the jury had conferred reasonable guilt by the Appellant for violating S.C. Code § 56-5-4410 pursuant to headlight covers, if the trial judge had honored their request to be charged with the elements in the statute, with regards to using devices or equipment to change design or performances?
>
> 4. Did Appellant have reasonable subjective expectation of privacy pursuant to 4th Amendment with warrantless search of his car?
>
> 5. Did headlight covers and tinted windows create a free rein to conduct warrantless inventory of Appellant's car of items not in plain view?

(Dkt. No. 10-14 at 4 of 11.)

On November 7, 2008, the South Carolina Court of Appeals issued an order denying the petition for writ of certiorari and granting counsel's request to withdraw. (Dkt. No. 10-16.) The matter was remitted to the lower court on November 25, 2008. (Dkt. No. 10-17.)

On July 13, 2011, Petitioner filed a second PCR application. (See Dkt. No. 10-18.) In his second PCR application, Petitioner alleged that he was in custody unlawfully for the following reasons (verbatim):

> 1. Ineffective assistance of trial counsel in that counsel failed to investigate, raise objections, assist appellate counsel or ensure a fair trial;
>
> 2. Ineffective assistance of appellate counsel in that counsel failed to raise and argues issues properly; and
>
> 3. Prosecutorial misconduct in that the prosecution sought to convict the applicant regardless of guilt or innocence.
>
> 4. Trial court deprive applicant rights due process of law and equal protection of law and miscarriage of justice. Art 1 § 3 S.C. Const.
>
> 5. Ineffective assistance of counsel failed to timely seek review on his first PCR application on appeal.

(Dkt. No. 10-18 at 10-15 of 21.) The Respondent filed a Return and Motion to Dismiss on January 6, 2012. (Dkt. No. 10-19.)

A Conditional Order of Dismissal was filed on January 30, 2012. (Dkt. No. 10-20.) The Honorable R. Knox McMahon concluded (in the Conditional Order of Dismissal) that dismissal was appropriate because, *inter alia*, the second application for PCR was successive to the first application for PCR and because the application was filed outside the statute of limitations. (See Dkt. No. 10-20.) Petitioner was served with a copy of the Conditional Order of Dismissal on February 14, 2012. (Dkt. No. 10-21.) Respondent states that a proposed Final Order of Dismissal was submitted to the PCR court on April 10, 2012, but as of the time of the filing of the Motion for Summary Judgment, the Final Order of Dismissal had not been signed. (Dkt. No. 10 at 18 of 30.)

5

Petitioner filed the instant habeas petition on March 5, 2012, wherein he raises one issue for review (verbatim):

4th Amendment and 6th Amendment.

(Dkt. No. 1 at 5 of 15.) The Petition contains some attachments, but Petitioner provided no further explanation of his claim for relief.

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent moved for summary judgment on May 4, 2012. (Dkt. No. 11.) In this motion, Respondent contends he is entitled to summary judgment because "all of Petitioner's claims are not timely and are barred by the statute of limitations." (Dkt. No. 10 at 22 of 30.) Petitioner contends in his Response in Opposition that he "has the most extraordinary circumstance that the Petitioner is actual[ly] innoc[ent] of the crime." (Dkt. No. 17 at 1 of 11.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks omitted) (alteration in original)). In Pace, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. Id. at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

7

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

The undersigned agrees with Respondent that the instant habeas petition is barred by the statute of limitations. Even without counting any time between the conclusion of Petitioner's direct appeal and the time he filed his first application for PCR, Petitioner's § 2254 petition is untimely. After the South Carolina Court of Appeals denied the petition for writ of certiorari as to Petitioner's first application for PCR, the remittitur was issued on November 25, 2008. (Dkt. No. 10-17.) Petitioner filed the instant habeas action on March 5, 2012, more than three years after the remittitur was issued.[4]

The undersigned further recommends concluding that Petitioner is not entitled to equitable tolling. Petitioner has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. In short, there is no reason to conclude that Petitioner is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we

---

[4]The statute of limitations is not tolled while Petitioner's second application for PCR is pending because that application is untimely. However, such fact is irrelevant, given that more then two years passed between the remittitur (on November 25, 2008) and the filing of the second PCR application (on July 13, 2011).

8

agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

In his Response in Opposition to the Motion for Summary Judgment, Petitioner appears to argue that his failure to timely file the instant habeas petition should be excused because he is actually innocent. As Judge Harwell stated in Stallings v. Warden of Evans Correctional Institution,

> Claims of actual innocence are often used to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup*, 513 U.S. at 315. However, in the context of a motion time-barred under § 2244(d), the court has serious doubts as to whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations.

Stallings v. Warden, No. 2:10-cv-02668-RBH, 2011 WL 4549229, at *5 (D.S.C. Oct. 3, 2011). In a footnote, Judge Harwell noted that "[w]hile the Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling, other circuits have reasonably concluded that there is no such exception." Stallings, 2011 WL 4549229, at *5 n.8; quoting DiCaprio-Cuozzo v. Johnson, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010) (collecting cases that hold no actual innocence exception to the statute of limitations exists); see also Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) ("The legal shortcoming is that 'actual innocence' is unrelated to the statutory timeliness rules. . . . Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action.").

This Court need not decide whether actual innocence provides grounds for equitable tolling because Petitioner fails to make a sufficient showing of actual innocence. A petitioner

9

claiming actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted). This standard is a "demanding" one and "permits review only in the 'extraordinary' case." Id. at 538. Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623-24 (1998).

Petitioner states, verbatim, "Applicant was incompetency to enter a guilty pled, and was incompetency stand trial which the applicant was given legal advice by counsel, 'cause' applicant go to trial." (Dkt. No. 17 at 3 of 11.) Petitioner essentially complains that he declined to accept the plea offer in the instant case because he was "incompeten[t]" to understand it and because his counsel gave "miss advice [sic]" to go to trial. (Dkt. No. 17 at 5 of 11.) Petitioner's regret that he did not accept the guilty plea does not amount to a showing of actual innocence. Such a claim does not show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner is not entitled to habeas relief.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 11) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[5]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 26, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[5] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).