IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Gilbert, Jr., ) | Civil Action No.: 2:12-663-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Cartledge ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner proceeding pro se, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1).  This matter is before the court on Respondent's motion for summary judgment. (ECF No. 11.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation.  On October 26, 2012, Magistrate Judge Hendricks issued a Report recommending that Respondent's motion for summary judgment be granted.  (ECF No. 23.)  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF 23 at 12.) Plaintiff has filed no objections and the time for doing so expired on November 13, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a thorough review of the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 23) by reference into this order.

It is therefore ORDERED that the Respondent's motion for summary judgment is GRANTED and the petition is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for

the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.


                                            <u>s/Mary G. Lewis</u>
                                            United States District Judge

November 20, 2012
Spartanburg, South Carolina